EFILED LUCAS COUNTY
03/17/2020 10:39 AM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 51407

## IN THE COURT OF COMMON PLEAS OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| GWENDOLYN BAILEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | Case No. G-4801-CI-0202001587 |
| | : | |
| TYLER JOSEPH CLAIR, et al., | : | Judge Alfonso J. Gonzalez |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS ABESS H. AWADA AND UNIVERSAL TRANSPORTATION SERVICES, LLC d/b/a CALHOUN TRUCK LINES TO COMPLAINT OF PLAINTIFF GWENDOLYN BAILEY, AND CROSS-CLAIM AGAINST DEFENDANTS TYLER JOSEPH CLAIR AND SECOND FARMS, LLC**
(**With Jury Demand Endorsed Hereon**)

Now come Defendants Abess H. Awada and Universal Transportation Services, LLC d/b/a Calhoun Truck Lines, by and through the undersigned counsel, and for their Answer to the Complaint of Plaintiff Gwendolyn Bailey, state and aver as follows:

**FIRST DEFENSE:**

1. In response to Paragraph One (1) of Plaintiff's Complaint, Defendants admit that on February 27, 2018, Plaintiff Gwendolyn Bailey was driving a red 2015 Honda CRV northbound on I-75 in Toledo, Lucas County, Ohio. Further responding, Defendants are without

Exhibit B

1

information or knowledge sufficient to form a belief as to the truth of all remaining allegations contained within Paragraph One (1) of Plaintiff's Complaint and, therefore, deny the same.

2. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Two (2) of Plaintiff's Complaint and, therefore, deny the same.

3. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Three (3) of Plaintiff's Complaint and, therefore, deny the same.

4. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Four (4) of Plaintiff's Complaint and, therefore, deny the same.

5. In response to Paragraph Five (5) of Plaintiff's Complaint, Defendants admit that on February 27, 2018, the truck that Defendant Abess Awada was operating northbound on I-75 in Toledo, Lucas County, Ohio came into contact with the vehicle being operated by Plaintiff. Further responding, Defendants are without information or knowledge sufficient to form a belief as to the truth of all remaining allegations contained within Paragraph Five (5) of Plaintiff's Complaint and, therefore, deny the same.

6. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Six (6) of Plaintiff's Complaint and, therefore, deny the same.

7. Defendants deny the allegations contained within Paragraph Seven (7) of Plaintiff's Complaint.

8. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Eight (8) of Plaintiff's Complaint and, therefore, deny the same.

9. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Nine (9) of Plaintiff's Complaint and, therefore, deny the same.

10. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Ten (10) of Plaintiff's Complaint and, therefore, deny the same.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Eleven (11) of Plaintiff's Complaint and, therefore, deny the same.

12. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Twelve (12) of Plaintiff's Complaint and, therefore, deny the same.

13. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Thirteen (13) of Plaintiff's Complaint and, therefore, deny the same.

14. In response to Paragraph Fourteen (14) of Plaintiff's Complaint, Defendants hereby restate and reallege each and every response contained within Paragraphs One (1) through Thirteen (13) above, as if fully rewritten herein.

15. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Fifteen (15) of Plaintiff's Complaint and, therefore, deny the same.

16. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Sixteen (16) of Plaintiff's Complaint and, therefore, deny the same.

17. In response to Paragraph Seventeen (17) of Plaintiff's Complaint, Defendants hereby restate and reallege each and every response contained within Paragraphs One (1) through Sixteen (16) above, as if fully rewritten herein.

18. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Eighteen (18) of Plaintiff's Complaint and, therefore, deny the same.

19. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Nineteen (19) of Plaintiff's Complaint and, therefore, deny the same.

20. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Twenty (20) of Plaintiff's Complaint and, therefore, deny the same.

21. In response to Paragraph Twenty-one (21) of Plaintiff's Complaint, Defendants hereby restate and reallege each and every response contained within Paragraphs One (1) through Twenty (20) above, as if fully rewritten herein.

22. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Twenty-two (22) of Plaintiff's Complaint and, therefore, deny the same.

23. In response to Paragraph Twenty-three (23) of Plaintiff's Complaint, Defendants admit that Defendant Awada was operating a tractor-trailer northbound on I-75 on February 27, 2018. Further responding, Defendants deny all remaining allegations contained within Paragraph Twenty-three (23) of Plaintiff's Complaint.

24. Defendants deny the allegationse contained within Paragraph Twenty-four (24) of Plaintiff's Complaint.

25. In response to Paragraph Twenty-five (25) of Plaintiff's Complaint, Defendants hereby restate and reallege each and every response contained within Paragraphs One (1) through Twenty-four (24) above, as if fully rewritten herein.

26. Defendants deny the allegations contained within Paragraph Twenty-six (26) of Plaintiff's Complaint.

27. Defendants deny the allegations contained within Paragraph Twenty-seven (27) of Plaintiff's Complaint.

28. Defendants specifically deny each and every other remaining allegation contained within Plaintiff's Complaint not specifically admitted herein to be true.

**SECOND DEFENSE**:

29. Plaintiff has failed to state a claim upon which relief can be granted against these answering Defendants.

**THIRD DEFENSE**:

30. Plaintiff's injuries and/or damages, if any, were caused by an independent, intervening, and/or superseding cause or causes, not under the control of these answering Defendants.

**FOURTH DEFENSE**:

31. Plaintiff has failed to name all parties needed for a just adjudication of this matter, pursuant to Rule 19 and 19.1 of the Ohio Rules of Civil Procedure.

**FIFTH DEFENSE**:

32. Plaintiff has failed to mitigate her damages, if any, and, therefore, Plaintiff's claims against these answering Defendants are barred in whole or in part.

**SIXTH DEFENSE**:

33. Plaintiff's claims are subject to caps on damages and all other tort reform measures included within Senate Bill 80, effective April 6, 2005.

**SEVENTH DEFENSE:**

34. Plaintiff is not a proper party in interest for the claims for medical expenses alleged in Plaintiff's Complaint.

**EIGHTH DEFENSE:**

35. Pursuant to *Jaques v. Manton* (2010), 125 Ohio St.3d 342 and *Robinson v. Bates* (2006), 112 Ohio St.3d 117, these answering Defendants are entitled to a reduction and/or set off for any and all amounts that were written off or otherwise not collected by medical providers, as a result of payments made by insurance carriers, health care providers, Medicare, Medicaid, workers' compensation, or any other entity or individual.

**NINTH DEFENSE:**

36. The conduct of Plaintiff, whether characterized as contributory negligence or assumption of the risk, bars Plaintiff's recovery, or reduces Plaintiff's recovery in proportion to such fault.

**TENTH DEFENSE**:

37. Plaintiff's Complaint fails due to insufficiency of service and/or insufficiency of service of process.

**ELEVENTH DEFENSE**:

38. Defendants hereby assert those defenses set forth in Rules 8 and 12 of the Ohio Rules of Civil Procedure that may be applicable to this action.

**TWELFTH DEFENSE**:

39. Plaintiff's Complaint is barred by the statute of limitations.

**THIRTEENTH DEFENSE:**

40. Defendants hereby reserve the right to raise all additional affirmative defenses as they may become apparent through discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants Abess H. Awada and Universal Transportation Services, LLC d/b/a Calhoun Truck Lines respectfully request that Plaintiff's Complaint be dismissed, at Plaintiff's cost.

Respectfully submitted,

JURCA & LASHUK, LLC

    /s/ Beth Anne Lashuk
Jeffrey J. Jurca (0012107)
Beth Anne Lashuk (063144)
Sean P. Casey (0086378)
88 North Fifth Street, Suite 200
Columbus, Ohio 43215
(614) 846-9228; (614) 846-9181 fax
jjurca@jurcalashuk.com
blashuk@jurcalashuk.com
scasey@jurcalashuk.com
*Attorneys for Defendants Abess H. Awada and Universal Transportation Services, LLC d/b/a Calhoun Truck Lines*

### CROSS-CLAIM OF DEFENDANTS ABESS H. AWADA AND UNIVERSAL TRANSPORTATION SERVICES, LLC d/b/a CALHOUN TRUCK LINES AGAINST DEFENDANTS TYLER JOSEPH CLAIR AND SECOND FARMS, LLC

Now come Defendants Abess H. Awada (hereinafter referred to as "Defendant Awada") and Universal Transportation Services, LLC d/b/a Calhoun Truck Lines (hereinafter referred to as "Defendant Calhoun Truck Lines"), by and through their undersigned counsel, and for their Cross-Claim against Defendant Tyler Joseph Clair (hereinafter referred to as "Defendant Clair") and Defendant Second Farms, LLC (hereinafter referred to as "Defendant Second Farms"), state as follows:

**COUNT ONE:**

1. Defendants hereby incorporate by reference all denials, defenses and other averments contained within their Answer to Plaintiff's Complaint above.

2. Upon information and belief, on February 27, 2018 and at all times relevant herein, Defendant Clair was a resident of the State of Michigan, with a residence address of 2341 Lewis Avenue, Ida, Michigan 48140.

3. Upon information and belief, on February 27, 2018 and at all times relevant herein, Defendant Second Farms was a Michigan corporation, licensed and authorized to do business within the State of Ohio, with a principal place of business located at 10957 Telegraph Road, Erie, Michigan 48133.

4. Upon information and belief, on February 27, 2018 and at all times relevant herein, Defendant Clair was an agent, employee, servant, or independent contractor, and was acting within the course and scope of his agency or employment under the direct control of Defendant Second Farms.

5. On February 27, 2018 and at all relevant times herein, Defendant Awada was a truck driver of Defendant Calhoun Truck Lines, and was operating in a lawful manner a tractor-trailer northbound on I-75 in Toledo, Lucas County, Ohio, Ohio, when the trailer being hauled by Defendant Clair, which also was travelling northbound on I-75, negligently lost a wheel and/or tire, ultimately resulting in an impact between the vehicle being operated by Plaintiff Gwendolyn Bailey, who was travelling on I-75, and the vehicle being operated by Defendant Awada. Defendant Clair was negligent in other respects as well.

6. Defendant Clair's above-stated negligence and/or other actionable conduct caused all of the injuries and damages claimed by Plaintiff Gwendolyn Bailey in this lawsuit.

7. Defendant Second Farms is vicariously liable for the negligent actions of Defendant Clair.

8. Defendants Awada and Calhoun Truck Lines state that if, in fact, they are held liable to Plaintiff Gwendolyn Bailey, said liability which Defendants expressly deny, then Defendants Awada and Calhoun Truck Lines are entitled to contribution, as well as indemnity and/or subrogation from Defendants Clair and Second Farms for any monies that may be adjudicated against Defendants Awada and Calhoun Truck Lines and in favor of Plaintiff Gwendolyn Bailey in this action, or for whatever amount is paid in settlement by Defendants Awada and Calhoun Truck Lines to Plaintiff Gwendolyn Bailey, as well as for all reasonable expenses, costs and payments incurred by Defendants Awada and Calhoun Truck Lines in the defense of Plaintiff Gwendolyn Bailey's claims, and/or in the prosecution of their Cross-Claim.

**WHEREFORE**, Defendants Abess H. Awada and Universal Transportation Services, LLC d/b/a Calhoun Truck Lines demand judgment against Defendants Tyler Joseph Clair and Second Farms, LLC, as follows:

A. For all sums that may be adjudicated against Defendants Awada and Calhoun Truck Lines and in favor of Plaintiff Gwendolyn Bailey, for whatever amount is paid by or on behalf of Defendants Awada and Calhoun Truck Lines to Plaintiff Gwendolyn Bailey in settlement of the claim or, alternatively, for contribution, indemnity, and/or subrogation; and

B. For all reasonable expenses, costs, and attorney fees incurred by Defendants Awada and Calhoun Truck Lines in the defense of Plaintiff Gwendolyn Bailey's claims, and/or in the prosecution of their Cross-Claim.

Respectfully submitted,

JURCA & LASHUK, LLC


   /s/ Beth Anne Lashuk
Jeffrey J. Jurca (0012107)
Beth Anne Lashuk (063144)
Sean P. Casey (0086378)
88 North Fifth Street, Suite 200
Columbus, Ohio 43215
614) 846-9228; (614) 846-9181 fax
jjurca@jurcalashuk.com
blashuk@jurcalashuk.com
scasey@jurcalashuk.com
*Attorneys for Defendants Abess H. Awada and Universal Transportation Services, LLC d/b/a Calhoun Truck Lines*


## JURY DEMAND

Defendants demand a jury trial of eight (8) persons on all issues of the within cause.


   /s/ Beth Anne Lashuk
Beth Anne Lashuk

## CERTIFICATE OF SERVICE

   The undersigned does hereby certify that the foregoing was sent via the Court's electronic filing system, this 17th day of March, 2020, upon the following:

Frederic E. Matthews, Esq.  
Rayle, Matthews & Coon  
100 South Main Street  
Bowling Green, Ohio 43402  
*Attorney for Plaintiff Gwendolyn Bailey*

Tyler Joseph Clark.  
2341 Lewis Avenue  
Ida, Michigan 48140  
*Defendant*

Second Farms, LLC  
10957 Telegraph Road  
Erie, Michigan 48133  
*Defendant*

            /s/ Beth Anne Lashuk  
            Beth Anne Lashuk